**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| MASTER SGT. ANTHONY R. EDWARDS, USAF, RETIRED *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>DELOITTE & TOUCHE LLP,<br><br>Defendant. | Civil Action No.:<br><br>Removed From:<br><br>Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida<br>NO. 2016-004986-CA-01 |

**NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA**

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and 12 U.S.C. § 4617, 15 U.S.C. § 7202(b) and 12 U.S.C. § 1723, Defendant Deloitte & Touche LLP ("Deloitte" or "Defendant") hereby removes the above-captioned action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the action is now pending, to the United States District Court for the Southern District of Florida on the basis of federal question jurisdiction. Deloitte appears for the purpose of removal only and for no other purpose and reserves all rights and defenses available to it, including the right to amend or supplement this Notice of Removal. In support of this Notice of Removal, Defendant respectfully shows the Court as follows:

**BACKGROUND**

1. Plaintiffs[1] filed this action against Deloitte in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("the Action"). *See* Plaintiffs' Complaint ("Compl."). Plaintiffs have not yet served the Complaint on Deloitte.

2. This Action arises out of the actions taken by two federal agencies, pursuant to broad statutory powers granted to them by the United States Congress, to rescue a federally chartered, government-sponsored entity—Fannie Mae—during a historic collapse of the U.S. economy, by placing Fannie Mae into conservatorship and then infusing it with over $100 billion in U.S. taxpayer funds. Notwithstanding the express broad powers granted by Congress, Plaintiffs allege that the federal government's conduct relating to the conservatorship was improper, and could not have taken place absent Deloitte's assistance, and that the value of Plaintiffs' Fannie Mae stock was harmed as a result. *See generally* Compl.

3. The same events and materially identical allegations have resulted in extensive litigation against the United States Department of Treasury ("U.S. Treasury"), the Federal Housing Finance Agency ("FHFA"), and Fannie Mae and its directors in multiple U.S. federal district courts.[2] FHFA, which serves as conservator of Fannie Mae, has recently filed a petition with the Judicial Panel on Multidistrict Litigation seeking consolidation of the pending cases (the "Related Cases"). *See In re Federal Housing Finance Agency, et al., Preferred Stock Purchase Agreements Third Amendment Litigation*, MDL Docket No. 2713 (J.P.M.L.).

---

[1] Plaintiffs are 39 individuals and entities—from Tennessee, Florida, California, Maine, New York, Missouri and North Carolina—who allege that they own Fannie Mae stock. The full list of Plaintiffs appears in the caption of the Complaint, attached as Exhibit 1 to this Notice of Removal.

[2] Similar allegations have been made against Freddie Mac and its directors. Freddie Mac, like Fannie Mae, was rescued in 2008 by U.S. Treasury and FHFA pursuant to their congressionally granted powers.

4. In this Action, Plaintiffs claim that Deloitte, Fannie Mae's independent auditor, took actions to assist the defendants in the Related Cases in their alleged breaches of fiduciary duty by (1) allegedly failing to comply with federal auditing standards (promulgated by the Public Company Accounting Oversight Board ("PCAOB")), in Deloitte's audits of Fannie Mae's 2008-2013 annual financial statements; and (2) as a result, allegedly issuing materially false audit opinions on those financial statements. *See, e.g.*, Compl. ¶¶ 47-49, 65-66, 97-98. Plaintiffs assert causes of action against Deloitte for aiding and abetting breach of fiduciary duty and negligent misrepresentation (Restatement (2d) of Torts § 552), and they claim that but for Deloitte's actions, FHFA would have been required to terminate Fannie Mae's ongoing conservatorship, which allegedly would have restored lost value to Plaintiffs' Fannie Mae stock. Compl. ¶ 98; *see also* Compl. ¶ 95. Plaintiffs seek to recover from Deloitte alleged losses totaling "hundreds of millions of dollars." Compl. ¶¶ 9-10.

5. Deloitte removes this case based on federal question jurisdiction, on the ground that Plaintiffs' claims arise under the laws of the United States.

## BASIS FOR REMOVAL: FEDERAL QUESTION JURISDICTION

6. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Further, 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Plaintiffs' claims, although ostensibly brought as state law claims, are subject to federal "arising under" jurisdiction because they present embedded federal issues that are "(1)

necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013); *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005) ("The doctrine of [arising under jurisdiction] captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues.").

8. The gravamen of this Action is the allegation that two federal entities, the U.S. Treasury and FHFA exceeded their federal statutory powers and that Deloitte allegedly acted wrongfully in assisting them and the directors of Fannie Mae (a federally chartered government-sponsored enterprise) in doing so. The events underlying the Complaint are at the heart of the federal government's response to the historic financial meltdown that occurred in 2008 and thereafter. Not surprisingly, substantial and actually disputed federal questions are necessarily at the heart of this Action, and the federal court therefore has jurisdiction. Federal question jurisdiction over one claim is all that is needed to support removal. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 164-66 (1997). Here, all of Plaintiffs' claims satisfy the test for "arising under" jurisdiction, and there is federal jurisdiction over all of them, for multiple reasons.

9. As just one example, Plaintiffs allege, as the causation theory running through all of their claims, that FHFA would have been required to terminate Fannie Mae's federal conservatorship, if not for Deloitte's alleged wrongful conduct. *See* Compl. ¶ 98. Accordingly, each of Plaintiffs' claims necessarily requires the construction and application of a historically important federal statute—the Housing and Economic Recovery Act of 2008, Pub. L. No. 110-

289, 122 Stat. 2654 ("HERA")—that governs the powers and conduct of FHFA as Fannie Mae's conservator. *See* 12 U.S.C. § 4617(a) (granting FHFA's Director the authority to appoint the agency as Fannie Mae's conservator "for the purpose of reorganizing, rehabilitating, or winding up [its] affairs"); 12 U.S.C. § 4617(b)(2)(A)(i) (vesting FHFA with "all rights, titles, powers, and privileges of [Fannie Mae], and of any stockholder, officer, or director of [Fannie Mae] with respect to [Fannie Mae] and the assets of [Fannie Mae]"); 12 U.S.C. § 4617(b)(2)(J)(ii) (granting FHFA the power to "take any action authorized by this section, which FHFA determines is in the best interest of the regulated entity or [FHFA]").

10. Further, Plaintiffs' Complaint also necessarily requires the construction and application of federal auditing standards promulgated by the PCAOB because, as Plaintiffs expressly allege, but for Deloitte's alleged failure to comply with those standards, Deloitte allegedly could not have issued the audit opinions that allegedly assisted the U.S. Treasury and FHFA to misuse the powers granted to them by the United States Congress. *See, e.g.*, Compl. ¶¶ 47, 49 (alleging that if Deloitte had complied with PCAOB standards, "it would either not have issued any audit opinions at all or it would have issued adverse opinions"); *id.* ¶ 67 ("Without Deloitte's audit opinion, FHFA and Fannie Mae management would not be able to carry out their plan."); *id.* ¶¶ 92, 95, 97-98; 15 U.S.C. § 7202(b) (violations of PCAOB auditing standards treated "for all purposes in the same manner as a violation" of the Securities Exchange Act of 1934, which creates exclusive federal jurisdiction).

11. Plaintiffs' claims that Deloitte aided and abetted breaches of fiduciary duty by the defendants in the Related Actions also provide a separate basis for federal jurisdiction because the alleged conduct constituting the underlying breaches of fiduciary duty must be analyzed under HERA, federal common law, and/or other federal law. *See, e.g.*, Compl. ¶ 38 (alleging

that conduct by U.S. Treasury and FHFA "ran directly contrary to FHFA's purported statutory mission" in 12 U.S.C. § 4617(b)(2)(D)), *id.* ¶ 41; 12 U.S.C. § 4617(b)(2) (vesting FHFA with broad statutory powers to "operate" Fannie Mae, "carry on [its] business," enter into contracts on behalf of Fannie Mae and "transfer or sell any [Fannie Mae] asset . . . without any approval"); 12 U.S.C. § 1719(g)(1)(A) (amending Fannie Mae's charter to authorize U.S. Treasury to purchase, with taxpayer funds, "any obligations and other securities issued by" Fannie Mae); *see also* 12 C.F.R. § 1710.10 (stating that Fannie Mae's corporate governance practices "shall comply with applicable chartering acts and other Federal law, rules, and regulations" and will follow state law only where "not inconsistent" with applicable federal law).

12. HERA provides a further, independent basis for federal subject-matter jurisdiction over all of Plaintiffs' claims because HERA controls the threshold question of whether Plaintiffs have the power to bring these claims at all. *See* 12 U.S.C. § 4617(b)(2)(A)(i) (transferring to FHFA all of Plaintiffs' rights as Fannie Mae shareholders). In any event, because the claims in the Complaint are derivative in substance, they are subject to federal jurisdiction under Fannie Mae's charter. *See* 12 U.S.C. § 1723(a) (providing that Fannie Mae may "sue and be sued and to complain and to defend, in any court of competent jurisdiction, State or Federal," which constitutes a grant of federal jurisdiction); *see also American Nat'l Red Cross v. S.G.*, 505 U.S. 247 (1992).

13. Accordingly, for these and other reasons, removal by Defendant is proper pursuant to 28 U.S.C. §§ 1331 and 1441, 12 U.S.C. § 4617, 15 U.S.C. § 7202(b) and 12 U.S.C. § 1723(a).[3]

---

[3] For any claims not independently subject to jurisdiction under 28 U.S.C. § 1331, supplemental jurisdiction lies under 28 U.S.C. § 1367 because all claims in this Action form part of the same case or controversy.

**PROCEDURAL COMPLIANCE**

14. This Notice is being timely filed under 28 U.S.C. § 1446(b), and this Court has jurisdiction over the parties.

15. In accordance with 28 U.S.C. § 1441(a), the State Court in which this Action was commenced is within this Court's district.

16. Deloitte has not been served with any process, pleadings, or orders from the Action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. In accordance with 28 U.S.C. § 1446(a), Defendant attaches hereto a copy of the Complaint and Civil Cover Sheet filed in the State Court in this Action (attached hereto as Exhibit 1). There are no other pleadings, orders, or process on file in this Action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

17. In accordance with 28 U.S.C. § 1446(d), Defendant promptly will file a copy of this Notice with the Clerk of the Courts for the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. As evidenced by the attached certificate of service, a copy of this Notice of Removal is being served by United States Mail on counsel for Plaintiff as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, for the foregoing reasons, Defendant requests that this cause proceed in its entirety in this Court.

Dated: Miami, Florida
April 6, 2016

Respectfully submitted,

PODHURST ORSECK P.A.
25 West Flagler Street, Suite 800
Miami, FL 33130
Telephone: (305) 358-2800
Facsimile: (305) 358-2382

By /s/ Peter Prieto
Peter Prieto, Esq.
Florida Bar No. 0501492
Email: PPrieto@podhurst.com
Matthew Weinshall
Florida Bar No. 84783
Email: MWeinshall@podhurst.com

LATHAM & WATKINS LLP
Miles N. Ruthberg, Esq. (seeking pro hac vice admission)
New York Bar No. 4452280
Email: miles.ruthberg@lw.com
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

Peter A. Wald, Esq. (seeking pro hac vice admission)
California Bar No. 85705
Email: peter.wald@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 395-0600
Facsimile: (415) 395-8095

*Attorneys for Defendant Deloitte & Touche LLP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by regular U.S. Mail this 6th day of April, 2016 to the attorneys of record for Plaintiffs.

/s/ Peter Prieto
Peter Prieto

**SERVICE LIST**

THOMAS, ALEXANDER & FORRESTER LLP
14 27th Avenue
Venice, CA 90291
Telephone: 310.961.2536
Facsimile: 310.526.6852
Steven W. Thomas
steventhomas@tafsattorneys.com

GAMBA & LOMBANA, P.A.
2701 Ponce de Leon Boulevard
Mezzanine
Coral Gables, FL 33134
Telephone: 305.448.4010
Facsimile: 305.448.9891
Hector Lombana
hlombana@glhlawyers.com

GONZALO R. DORTA, P.A.
334 Minorca Avenue
Coral Gables, FL 33134
Telephone: 305.441.2299
Facsimile: 305.441.8849
Gonzalo R. Dorta
grd@dortalaw.com

*Counsel for Plaintiffs*